DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS/ST. JOHN

HARVEY M. HOFFMAN & JANICE E.
HOFFMAN as Trustees of the
HARVEY M. HOFFMAN & JANICE
E. HOFFMAN Revocable Trust
u/a/d Nov. 15, 2019,

     **Plaintiffs,**

 v.

HAMMERHEAD CONSTRUCTION LLC
and STEPHEN RIVERA,

     **Defendants.**

_____

3:21-cv-00046-RAM-EAH

**TO:** A. Jeffrey Weiss, Esq.
   Ryan C. Meade, Esq.

## ORDER

THIS MATTER comes before the Court on the Motion to Amend Complaint and Combined Memorandum of Law, filed by Plaintiffs Harvey M. Hoffman and Janice E. Hoffman, as Trustees of the Harvey M. Hoffman & Janice E. Hoffman Revocable Trust ("Plaintiffs"). Dkt. No. 80. Defendants Hammerhead Construction LLC and Stephen Rivera have opposed the motion, Dkt. No. 90, and Plaintiffs have filed a reply brief, Dkt. No. 97. For the reasons that follow, the Court will grant in part and deny in part the Motion to Amend.

## BACKGROUND

Plaintiffs, through counsel, originally filed their Complaint in May 2021, alleging twelve causes of action against Defendants based upon construction defects and incomplete repair and renovation work at property owned by the Trust on St. Thomas, U.S. Virgin Islands. Dkt. No. 1. As a result of Defendants' allegedly negligent and defective work, a stop work order issued in January 2021; in retaliation, Defendant Rivera caused a false

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 2

construction lien to be recorded against the property. *Id.* at 5. Plaintiffs alleged that Hammerhead was grossly undercapitalized, insolvent, and was the alter ego of Rivera, who siphoned off funds and assets of the company such that Hammerhead was a sham entity. *Id.* at 2. Plaintiffs' claims included breach of contract and related claims, *id.* at 5-17, and fraud and misrepresentation based on statements that Defendants had completed certain work and repair projects on the property when that was not the case, *id.* at 14-15.

Defendants answered and, in September 2021, the Court entered a trial management order that, among other things, set the deadline for amended pleadings/adding new parties for December 15, 2021 and fact discovery for May 16, 2022. Dkt. No. 15. Discovery proceeded. On May 11, 2022, Plaintiffs filed a motion to extend fact discovery through June 30, 2022, based on counsel's health reasons, which the Court granted. Dkt. Nos. 37-39. On June 8, 2022, Plaintiffs filed a notice to take the deposition of Defendants. Dkt. No. 47. On June 29, Plaintiffs filed a motion to extend fact discovery to allow them additional time to complete the deposition of Defendants as well as to take depositions of several non-party witnesses, including Jennifer Firestone, Defendant Rivera's wife. Dkt. No. 50. Defendants objected, Dkt. No. 54, and Plaintiffs filed a reply. Dkt. No 59. On August 24, 2022, the Court issued an Order granting Plaintiff's motion to extend fact discovery but leaving the date open, to be determined following mediation in September. Dkt. No. 61. The Order also provided that, if the matter was not resolved after mediation, the parties were to submit a status report and mutually agreeable dates for a scheduling conference in September. *Id.*

The Court held a discovery conference on September 9, 2022, and thereafter issued an Order providing, in relevant part, that any motion to amend should be filed no later than September 16, 2022, and Defendants' experts would be identified by October 1, 2022. Dkt. No. 74. Mediation proved unsuccessful. Dkt. No. 76.

Plaintiffs did not follow up to extend the discovery deadline. They did move for an extension of time to file their amended complaint, indicating that Defendants did not object to the extension. Dkt. No. 78. The Court granted the unopposed motion, Dkt. No. 79, and Plaintiffs filed the instant motion to amend their complaint on September 26, 2022. Dkt. No. 80. Plaintiffs seek to: (1) "correct any misnomer in the identification of the plaintiffs and the Trust's name, specifically asserting that the claims are personal to the Hoffmans with the Trust as a nominal party for those claims arising after the creation of the Hoffmans revocable trust"; (2) more fully flesh out the facts supporting their alter ego theory and their fraud and misrepresentation claim; (3) add Jennifer Firestone as a defendant, as she handled Hammerhead Construction's bookkeeping and taxes; (4) delete its conversion claim; and (5) make "certain other changes" to conform the allegations to the evidence adduced in discovery. *Id.* They cite Fed. R. Civ. P. 15 as the applicable standard. *Id.* at 4-5.

In support of changing the name of the Plaintiffs from the Hoffmans as Trustees of the Trust, to the Hoffmans as Trustees of the Trust and individually, Plaintiffs explain that they "misidentified their revocable trust" as The Harvey M. Hoffman & Janice E. Hoffman Revocable Trust u/a/d Nov. 15, 2019, because that was "how defendant Rivera identified the trust in his January 29, 2021 [sic] Notice of Claim of Construction Lien." *Id.* at 2. The Hoffmans

were not lawyers and "did not understand exactly how their revocable trust should be identified and as such misidentified it when they sought to commence this lawsuit." *Id.*

As support for their other amendments, Plaintiffs assert that, on August 31, 2022, they were served with a belated production of documents that further evidenced the comingling of assets and disregard of the LLC's existence. *Id.* at 3. They add that they learned about Jennifer Firestone's role in handling bookkeeping and taxes for the company only after Rivera's deposition testimony (in June 2022). *Id.* at 5.

Plaintiffs argue that any delay in seeking to amend their complaint was not caused by them, but rather was the fault of Defendants. *Id.* Defendants failed to identify Firestone "as a person with knowledge and information of the claims and defenses" in their Rule 26(a) disclosures and they learned of her role during the Rivera deposition. *Id.* She appears to have participated in and aided and abetted Defendants' fraudulent overbilling.[1] *Id.*

Further, the amendments were not futile. As to the veil-piercing allegations, the amended complaint contained well-pleaded factual allegations that Rivera dominated and

---

[1] The proposed First Amended Complaint described Firestone as Rivera's wife who did all of the bookkeeping for Hammerhead, although she was not a member of the LLC or a Hammerhead employee. Dkt. No. 80-2 ¶ 4. The paragraphs setting out allegations against her, with minor variations depending on the claim, stated:
> To the extent Defendant Firestone was involved with the fraudulent accountings, billings, invoicing and creation of the false and overstated construction lien, final invoice and the documents related thereto, she has aided, abetted, assisted and participated in the aforesaid fraud and misrepresentation, and is therefore jointly and severally liable with defendants Rivera and Hammerhead for all damages and losses resulting therefrom.

*Id.* ¶¶ 137 (Fraud and Misrepresentation claim); 152 (False and Overstated Construction Lien claim); 162 (Slander of Title claim).

controlled Hammerhead to such an extent that it was his alter ego; that Rivera held himself and Hammerhead out to be licensed general construction contractors, and used Hammerhead to undertake defective work, to fraudulently overcharge Plaintiffs, that Firestone aided and abetted that fraudulent overcharging; and that Rivera siphoned off funds from Hammerhead in 2017 and 2018 for personal expenses. *Id*. at 7-8. It also set forth a claim for fraud and misrepresentation. *Id.* at 8. Finally, Defendants would not be prejudiced because they were the ones who "concealed" and failed to identify Firestone in their initial Rule 26(a) disclosures, which came to light during the deposition, after which Plaintiffs sought to extend their fact discovery to depose her. Defendants produced documents regarding the entity's lack of separateness in their August 29, 2022 supplemental production. Because of their "unclean hands" in concealing and withholding facts and documents, Defendants could not claim any prejudice. *Id*. at 8-9.

Defendants opposed the motion to amend as untimely, futile, prejudicial, and interposed without the requisite diligence and good cause in violation of the deadlines in the scheduling order.[2] Dkt. No. 90. As to the Plaintiffs' assertion that they "misidentified" the Trust as the Plaintiff because that was how Rivera identified the Trust in the construction lien, the Defendants point out that the lien asked for both the name of the parties Hammerhead had a contract with as well as the property owners. Moreover, the Hoffmans

---

[2] Defendants attached a "Counter-Statement of Facts in Support of Response to Plaintiffs' Motion to Amend[] Complaint." Dkt. No. 90-1. It is unclear what authority supports such a filing with regard to a Motion to Amend, and Defendants do not cite any. Accordingly, the Court will not consider this document.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 6

did not file their complaint pro se, but were represented by counsel and naming the Trust as Plaintiff was a strategic litigation choice. *Id*. at 8-9. In addition, allowing the Hoffmans to insert themselves in addition to or instead of the Trust would severely prejudice Defendants at this stage of the litigation because the Hoffmans as Trustees did not possess claims for some of the causes of action now alleged; amending would not conform the allegations to the evidence but would add parties and claims not previously asserted. *Id*. at 10.

As to Plaintiffs' motion to add Jennifer Firestone as a party, the Plaintiffs admitted that Firestone was not a member of the LLC or an employee of Hammerhead, and she was referred to only twice in the Rivera deposition as (1) doing the bookkeeping for Hammerhead and (2) knowing under whose name the cellphone bill was listed. *Id.* at 12-13. No testimony was adduced that she was involved in Hammerhead's "operations" or handled their "banking, payroll or taxes." *Id*. at 13. In addition, the alleged fraudulent billing in which Firestone participated was completed by December 2018, outside the two-year fraud statute of limitations, and the fraud claims regarding Firestone were not pleaded with particularity and thus they were futile. *Id.* at 13-17. Finally, any amendments at this late stage of litigation would be overly prejudicial to Defendants, since fact discovery concluded on June 30, 2022. Adding the Hoffmans as individual Plaintiffs and Firestone as a Defendant would require discovery on the new claims and issues, including the veil piercing allegations (setting out eight factors for such a claim). *Id.* at 18-19.

In their Reply, Plaintiffs argue, inter alia, that: (1) the Motion to Amend was timely filed and should be assessed under Rule 15; (2) Defendants seek to confuse matters by

Hoffman v. Hammerhead Construction LLC
3:21-cv-00046-RAM-EAH
Order
Page 7

attempting to distinguish between the Plaintiffs and the Trust, despite under California law the Trust and the Hoffmans as trustees are identical; (3) there was no undue delay or dilatory motive in adding Firestone as a defendant because Defendants failed to disclose her involvement until the June 2022 deposition and in discovery; and (4) the claims against Firestone were not futile, based on the statute of limitations, and aiding and abetting fraud and misrepresentation stated a claim and was pleaded with particularity. Dkt. No. 97.

## DISCUSSION

### A. Rule 15 Governs the Motion for Leave to Amend

The first issue is whether the motion to amend should be assessed under Fed. R. Civ. P. 16 (amending a scheduling order) or Rule 15 (motions to amend before trial). Where a scheduling order governs amendment of the pleadings, that order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."

In their opening brief, Plaintiffs applied the Rule 15 standard for amendment and did not refer to the scheduling order. Defendants insisted in their Opposition that the Rule 16 standard governed, since that order set a deadline for amendment in December 2021. In their reply brief, the Plaintiffs contend that the motion to amend was "timely filed," and Defendants ignored the Court's August 24, September 12, and September 23, 2022 Orders, which extended their time to file the motion to amend. Dkt. No. 97 at 3.

The Court concludes that Rule 15 governs the motion to amend. While the scheduling order set a December 2021 deadline for amending the complaint, during a series of

conferences, and in a series of orders in August and September 2022, Plaintiffs indicated that they intended to amend the complaint. *See* Dkt. No. 61 (August 24, 2022 Order mentioning that Plaintiffs were considering amending the complaint "to address a change in the name of the property ownership"); Dkt. No. 74 (September 12, 2022 Order that "Plaintiffs still may amend, not only to correct a name, but possibly to add an additional defendant."); Dkt. No. 79 (September 23, 2022 Order granting unopposed motion for extension of time to file amended complaint, and directing Plaintiffs to file such complaint by September 26, 2022). The Court regards these orders as implicitly amending the scheduling order to permit the filing of the amended complaint. It also finds significant that Defendants did not oppose the motion for an extension of time for Plaintiffs to file their amended complaint, *see* Dkt. No. 78 at 1-2, indicating acquiescence to the changed timeline.[3] As a result, the Court will analyze the motion for leave to amend under Rule 15.

A court may deny leave to amend where there has been undue delay, bad faith, or dilatory motive by the movant, repeated failure to cure deficiencies by prior amendment, undue prejudice to the nonmovant, or futility. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court views the motion as seeking three categories of amendment: (1) adding the Hoffmans individually as Plaintiffs, in addition to their role as Trustees of the Trust; (2) adding Jennifer Firestone as a Defendant; and (3) including the numerous other amendments

---

[3] The Court also notes that the Defendants acknowledged that the September 9, 2022 Order was an "updated scheduling order" that provided a September 16, 2022 deadline for a motion to amend. Dkt. No. 81 at 3.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 9

shown in the redlined version of the First Amended Complaint adding more allegations to the original complaint elicited during discovery. The Court will address these points in turn.

### B. Adding the Hoffmans Individually as Plaintiffs

Plaintiffs seek to amend their complaint by adding the Hoffmans as individuals (in addition to their role as Trustees of the Trust). Their opening brief provides a minimal rationale. In order to explain the delay in seeking this amendment over a year after they filed their complaint, they cast blame on the Defendants, asserting that that was how Rivera identified the trust in the construction lien. Dkt. No. 80. at 2. The Hoffmans add that they were not lawyers and "did not understand exactly how their revocable trust should be identified and as such misidentified it when they sought to commence this lawsuit." *Id.*

Defendants respond, inter alia, that this was a strategic litigation choice made by counsel when the complaint was filed, Plaintiffs did not exercise due diligence in seeking to make this change, and adding the Hoffmans as individuals would severely prejudice them since their counsel identified as a dispositive issue "early in the litigation" that Trustees did not possess claims for breach of contract, breach of implied warranty, fraud or misrepresentation, unjust enrichment, debt, and/or negligence. Dkt. No. 90 at 6-9. They also indicate that they could not assert counterclaims against the Trust or the Hoffmans as Trustees, and asserted such claims against them in Superior Court, and any viable claims the Hoffmans had should be asserted in that forum as compulsory counterclaims. *Id.* at 9 n.4. In Reply, Plaintiffs discuss at length how California law views the Trust and the Hoffmans as

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 10

Trustees, as identical, and Defendants—by focusing on the differences—"seek to confuse matters." Dkt. No. 97 at 5, 6-10.

The Court will grant that part of Plaintiffs' motion to amend that seeks to correct the name of the Trust, but will deny that part of the motion to amend that seeks to add the Hoffmans in their individual capacities as Plaintiffs, based on undue delay.

> The "undue delay" factor recognizes that a gap between when amendment becomes possible and when it is actually sought can, in certain circumstances, be grounds to deny leave to amend. While simple delay cannot justify denying leave to amend by itself, delay that is "undue"—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave. As there is "no presumptive period in which … delay becomes 'undue,'" the "question of undue delay requires that we focus on the movant's reasons for not amending sooner" while "bearing in mind the liberal pleading philosophy of the federal rules." "Following this principle, we have refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment."

*Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). In the final analysis, "the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Assoc.,* 252 F.3d 267, 273 (2001).

The name of the Trust is the Hoffman Revocable Trust, not The Harvey M. Hoffman & Janice E. Hoffman Revocable Trust u/a/d Nov. 15, 2019. *See* Dkt. No. 97 at 6. But Plaintiffs are not seeking to merely substitute one name in place of another but, under the umbrella of correcting a misidentified plaintiff, they seek to change the capacities in which they assert their claims. The question is why Plaintiffs did not amend their complaint to make this change earlier. Plaintiffs assert that Defendants are at fault for this situation because they

put the wrong name on a construction lien and because they did not understand how the Trust should be identified.

These rationales fall flat. Plaintiffs were represented by competent counsel when they filed their complaint who, it must be presumed, made a reasoned decision regarding in what capacity or capacities the Plaintiffs should bring their claims. Counsel, in doing his diligence, should have known or found out the Trust's correct name when drafting the complaint. And tellingly, Plaintiffs provide absolutely *no reason* for counsel not naming them in their individual capacities when they filed their complaint. Amendment to properly set forth the capacities in which the Hoffmans were suing was possible immediately after the complaint was filed, but Plaintiffs waited sixteen months to amend. This delay was protracted and unjustified and, in the Court's view, "indicate[s] a lack of diligence sufficient to justify a discretionary denial of leave." *Mullin*, 875 F.3d at 151.[4]

### C. Adding Jennifer Firestone as a Defendant

Plaintiffs also seek to add Jennifer Firestone as a Defendant. They claim that they first learned about her role as the bookkeeper for Hammerhead during the Rivera deposition in June 2022, given that Defendants delayed in providing discovery documents and did not

---

[4] The Court notes that discovery in this case has, for most purposes, concluded. The Court granted Plaintiffs an extension of discovery for specific purposes: to finish conducting the Rule 30(b)(6) deposition, and to depose three non-parties. Dkt. No. 61. Courts often deny motions to amend if they are made after the close of discovery as prejudicing the non-moving party. *See, e.g., Josey v. John R. Hollingsworth Corp.*, 996 F.2 632, 642 (3d Cir. 1993). Adding the Hoffmans as individual Plaintiffs would likely prejudice Defendants, as they assert they have proceeded on the assumption that Plaintiffs cannot assert certain of their claims in their capacities as Trustees, they informed Plaintiffs of this issue early in the litigation, and they would likely need further discovery to address such an amendment. Dkt. No. 90.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 12

identify her as a person with knowledge of the claims and defenses. Dkt. No. 80 at 5. They discuss Firestone in the context of their alter ego/veil-piercing allegations against Hammerhead and Rivera. *Id.* at 7. While acknowledging that she was neither an employee or member of the LLC, they allege in the First Amended Complaint that "[t]o the extent" she was involved with the "fraudulent accountings, billings, invoicing and creation of the false and overstated construction lien, final invoice and the documents related thereto," she "aided, abetted, assisted and participated" in fraud and misrepresentation and slander of title, and was "jointly and severally liable with defendants Rivera and Hammerhead for all damages and losses resulting therefrom." Dkt. No. 80-2 ¶¶ 137, 152, 162.

The Court is not persuaded by Plaintiffs' argument that Defendants are to blame for the delay in seeking this amendment. While Plaintiffs conclusorily claim that Defendants failed to identify Firestone in their discovery, and even "concealed" her role, Dkt. No. 80 at 5, 8, Plaintiffs do not explain what discovery questions Defendants did not answer directly or fully that would have elicited some information about Firestone's role; how Defendants would have used her to support their defenses at the beginning of the case, particularly since Firestone was not an employee or member of Hammerhead, *see* Fed. R. Civ. P. 26(a)(1)(A)(i); and what Defendants produced in their August 2022 supplemental discovery responses that supported Plaintiffs' view that Defendants "concealed" her role. Given that one of Plaintiffs' main theories was that Rivera and Hammerhead fraudulently billed them, it would stand to reason that they would want to discover the individuals who had a role in the bookkeeping, billing, and other financial responsibilities of the LLC, but they did not show that they had

done so. The fact that they sought a Rule 30(b)(6) deposition of Hammerhead/Rivera on June 8, 2022, Dkt. No. 47, after the May 16 deadline for fact discovery set out in the scheduling order had passed, Dkt. 15, and close to the end of the June 30, 2022 extended deadline for fact discovery, Dkt. No. 39, bespeaks a lack of diligence and delay on Plaintiff's part and does not excuse their failure for not discovering Firestone's role earlier. Their delay in seeking to add Firestone is undue, and cannot be laid at Defendants' doorstep. *Mullin,* 875 F.3d at 151.

In addition, the Court finds that the proposed claims against Firestone would be futile as they do not state claims for aiding and abetting fraud. Amendment of a complaint is considered futile if the amended complaint would not survive a motion to dismiss for failure to state a claim. *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F3d. 245, 259 (3d Cir. 2014). Plaintiffs assert that courts in the Virgin Islands have recognized aiding and abetting a tort (such as fraud) as a cause of action and the First Amended Complaint asserts claims against Firestone for aiding and abetting the fraud. Dkt. No. 97 at 14-15.

The Virgin Islands does recognize such aiding and abetting claims. *See Guardian Ins. Co. v. Estate of Knight-David*, 2018 WL 4352114 (V.I. Super. Ct. May 29, 2018) (concluding that the Virgin Islands would recognize a cause of action for aiding and abetting a tort in the civil context, as expressed in Restatement (Second) of Torts, § 876(b) and (c)).[5] The Third

---

[5] For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he:
    (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
    (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.
Restatement (Second) Torts § 876(b), (c).

Circuit set forth the elements required to prove a tort claim based on Section 876 in *Hurley v. Atlantic City Police Department,* 174 F.3d 95 (3d Cir. 1999), as follows:

> Based on Restatement § 876(b), courts have determined that the tort of aiding and abetting involves three elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation." *Halberstam v. Welch,* 705 F.2d 472, 477 (D.C. Cir. 1983)[.]

*Id.* at 127. In a footnote, the Court explained that whether a defendant provided "substantial assistance" depended on six factors: the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other, his state of mind, and the duration of the assistance provided. *Id.* n.27.

Even if the Court were to assume that Plaintiffs pleaded facts, with particularity, showing the existence of an underlying fraud committed by Hammerhead and Rivera (thereby meeting the first element of a § 876 claim), they have failed to meet the second and third elements of stating an aiding and abetting claim against Firestone. In *Failla v. City of Passaic*, 146 F.3d 149 (3d Cir. 1998), the Third Circuit held that an employee aids and abets a violation of the law under § 876(b) "when he knowingly gives substantial assistance or encouragement to the unlawful conduct of his employer." *Id.* at 158. However, employees were not liable as aiders and abettors "merely because they had some role, or knowledge or involvement. Rather, the degree of involvement, knowledge and culpability required as a basis for liability is heightened by the standard that the Restatement sets forth"—a standard that was "set above mere knowledge and/or implementation." *Id.*

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 15

Plaintiffs acknowledge that Firestone was not an employee or a member of the LLC; she did bookkeeping for Hammerhead and sent out billing statements. Dkt. No. 80-1 ¶¶ 4, 69. Their allegations are anchored in their speculation that because Firestone worked as a bookkeeper for Hammerhead, and Defendants engaged in fraud, therefore she knew of the fraud and aided and abetted it. But nowhere do they allege any knowledge Firestone had of the fraud at the time it was being committed, or describe any substantial assistance she provided, so as to overcome the "heightened" basis for culpability required by the Restatement. Rather, their allegations concerning Firestone are stated "upon information and belief," *id*. ¶¶ 11, 80, 81, 86, 87 (that she and the Defendants sent certain invoices); are speculative, *id.* ¶ 95 ("it appeared that defendants River, Hammerhead and Firestone were over-billing plaintiffs"); or state legal conclusions and are hedged or otherwise circumscribed by a caveat, *id*. ¶¶ 125-128, 137, 152, 162 ("*To the extent* that Defendant Firestone was involved with the fraudulent accounting, invoicing, creation of the false and overstated construction lien, final invoice and the documents related thereto, and recording, *she has aided and abetted*" the various frauds). The Court concludes that the Amended Complaint fails to state an aiding and abetting claim and amendment would be futile.

Based on the above, the Court will deny the motion to amend to the extent that Plaintiffs seek to add Firestone as a Defendant.

### D. Remaining Amendments

The bulk of Plaintiff's proposed amendments in their 189-paragraph First Amended Complaint (compared with their 106-paragraph original complaint) appear to concern

additional allegations related to their claims that they learned in discovery. They provide, for example, more details about the alleged fraudulent misrepresentations and negligent and improper workmanship. Defendants generally oppose these amendments as untimely under Rule 16. Dkt. No. 90 at 2. They note that Plaintiffs conducted "zero discovery" on their alter ego and fraudulent overbilling theories. *Id.* at 11. They add that discovery "concluded [on] June 30, 2022" and they no longer have the ability to obtain discovery on the new claims, allegations, or parties, and would be significantly prejudiced, particularly since full discovery would be needed on the alter ego issue. *Id*. at 18-19. They do not specifically address most of the amendments included by Plaintiffs in their proposed First Amended Complaint which Plaintiffs characterize as more fully "flesh[ing] out" the facts concerning their alter ego/veil piercing claim and the fraud and misrepresentation claim, or argue that these amendments are futile.[6] Dkt. No. 90.

As discussed above, the Court analyzes the motion to amend under Rule 15, not Rule 16, and therefore whether Plaintiffs exercised due diligence in proffering these amendments is not the correct standard. Defendants' diligence argument does not carry the day. Plaintiffs asserted alter ego/pierce the corporate veil and fraudulent misrepresentation claims in their original complaint, and the new allegations they made in this regard arose from facts learned from discovery. Defendants did not challenge that position or oppose amendment of any of these specific allegations. The Court therefore presumes that discovery on these issues took

---

[6] The redlined version shows 223 deletions, 284 insertions, and 7 moves between the original complaint and proposed First Amended Complaint. Dkt. No. 80-2 at 2.

place and that Defendants conducted any discovery needed to counter these theories that were asserted in the original complaint. In this context, Defendants would not be prejudiced by the amendments. The Court rejects Defendants' argument that more discovery is needed; the arguments they make for Plaintiff not stating a veil piercing claim would be grist for a motion to dismiss rather than an opposition to a motion to amend. Consequently, the Court will permit Plaintiffs to amend to add the remaining allegations set forth in their proposed First Amended Complaint that do not name the Hoffmans individually as Plaintiffs and Jennifer Firestone as a Defendant, and do not include the allegations that supported the claims by the Hoffmans individually or the claims against Firestone.

Accordingly, upon consideration of the motion for an extension, and being satisfied with the premises therein, it is hereby **ORDERED**:

1. Plaintiffs' Motion to Amend Complaint, Dkt. No. 80, is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is **GRANTED** to the extent that Plaintiffs may correctly identify the name of the Trust, but it is **DENIED** to the extent that Plaintiffs seek to amend to add the Hoffmans individually as Plaintiffs, and seek to amend to add Jennifer Firestone as a Defendant, and the allegations that supported the claims by the Hoffmans individually or the claims against Firestone.

3. The Motion is **GRANTED** to the extent that the Plaintiffs may add the other allegations set forth in their Proposed Amended Complaint that do not include the allegations related to the Hoffmans individually and Jennifer Firestone.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 18

4. Plaintiffs shall make the appropriate revisions in accordance with this Order and file their First Amended Complaint by **December 8, 2022**.

          ENTER:

Dated: December 1, 2022       /s/ Emile A. Henderson III
          EMILE A. HENDERSON III
          U.S. MAGISTRATE JUDGE