**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS/ST. JOHN**

| | |
|---|---|
| **HARVEY M. HOFFMAN & JANICE E. HOFFMAN** as Trustees of the **HARVEY M. HOFFMAN & JANICE E. HOFFMAN** Revocable Trust u/a/d Nov. 15, 2019, <br><br> Plaintiffs, <br> v. <br><br> **HAMMERHEAD CONSTRUCTION LLC** and **STEPHEN RIVERA,** <br><br> Defendants. <br> _____ | 3:21-cv-00046-RAM-EAH |

TO:  A. Jeffrey Weiss, Esq.
   Ryan C. Meade, Esq.

**ORDER**

THIS MATTER comes before the Court on "Plaintiffs' Motion to Reopen Plaintiff's Time to Provide Accounting Expert's Report and Opinion," filed by Plaintiffs Harvey M. Hoffman and Janice E. Hoffman as Trustees of the Harvey M. Hoffman and Janice E. Hoffman Revocable Trust, on July 31, 2023. Dkt. No. 161. Defendants Hammerhead Construction LLC and Stephen Rivera filed an opposition on August 14, 2023, Dkt. No. 163, and Plaintiffs filed a Reply, Dkt. No. 164. In their Motion, Plaintiffs, through their counsel, seek to

> reopen their time to provide an accounting expert's report and opinion regarding financial matters relating to defendants[']s recently disclosed financial and tax records and Banco Popular account statements, to be used in support of Plaintiffs['] claim that Defendant Rivera treated Hammerhead Construction LLC as his alter ego, paying his personal bills and expenses from Hammerhead Construction's checking accounts and transferring significant sums of money out of Hammerhead's accounts without declaring said payments and transfers as draws or income.

Dkt. No. 161 at 1. For the reasons that follow, the Court will grant the motion, and sets a filing schedule for this latest, and final, round of discovery as well as for dispositive motions.

## BACKGROUND

To set the context for Plaintiffs' motion, a summary of the relevant procedural history is in order. Plaintiffs filed their complaint in May 2021. Dkt. No. 1. The discovery deadline was originally in May 2022, which Plaintiffs succeeded in extending to June 30, 2022.[1] Dkt. Nos. 15, 39. Plaintiffs again moved to extend fact discovery to August 22, 2022 so that they could complete Defendants' depositions. Dkt. No. 50. On August 24, 2022, the Court granted the Plaintiffs' motion to allow completion of the depositions; it planned to set the new discovery deadline following a September mediation. Dkt. No. 61.

In late August 2022, Plaintiffs filed a notice of intent to serve subpoenas on Banco Popular to produce account statements for Defendant Hammerhead and Rivera, and for Jennifer Firestone, the wife of Rivera. Dkt. No. 64. In early September 2022, Plaintiffs filed a notice of intent to serve subpoenas on Lisa DePrimo, Defendants' CPA, to produce all records relating to Defendants and Firestone that supported Hammerhead's gross receipts or sale, cost of goods sold, labor, materials, and documentation surrounding its 2017-2021 tax returns. Dkt. No. 67. Defendants moved to quash, Dkt. No. 65, which the district court denied based on failure to comply with LRCi 7.1(f), Dkt. No. 66. At a September 9, 2022 discovery conference, Magistrate Judge Miller, who was then assigned to the case, noted that the parties

---

[1] Plaintiffs' expert discovery deadline was July 11, 2022. Dt. Nos. 11, 39.

agreed that Defendants would produce their own bank records, redacting information not related to the case, and that the parties would confer on the CPA documents and Plaintiffs would contact the targets of the subpoenas to tell them not to comply. Dkt. No. 74. Plaintiffs were also given leave to take and complete the depositions. Thereafter, Judge Miller recused herself from the case. Dkt. No. 82.

In January 2023, Plaintiffs filed an amended complaint. Dkt. No. 114. In April 2023, Plaintiffs filed a motion to continue the trial, which had been set in a Trial Management Order for May 2023. Dkt. No. 121. Among their reasons, Plaintiffs stated that Defendants had not provided certain documentation they had agreed to provide in September 2022, which they needed in order to complete the depositions. *Id.* The Court held a status conference on April 11, 2023 to discuss the discovery that remained to be completed. Dkt. No. 122. In an Order issued after that status conference, the Court provided deadlines by which the documentation from Defendants' CPA was to be produced. Dkt. No. 126. When the documentation was not timely produced, the Court scheduled a Show Cause Hearing for May 5, 2023. Dkt. No. 132. At the hearing, Defendants' counsel stated he had misread the April 2023 Order and would produce the CPA's documents by May 8; the documents were produced that day and the Order to Show Cause was discharged. Dkt. Nos. 134, 135. The remaining depositions were completed in July 2023. Dkt. No. 149.

In the meantime, the Court granted Defendants' motion to conduct discovery on the new/amended claims set forth in the amended complaint that had been filed after the

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 4

discovery deadline in the case had run. Dkt. No. 150. The Court granted them until September 21, 2023 to complete this discovery. *Id.*

Against that backdrop, the Plaintiffs filed the instant motion. They acknowledge that they filed the motion after expert discovery had closed but explain that the documents to be examined and on which they seek to have an accounting expert provide an opinion—on whether Defendant Rivera was treating Defendant Hammerhead as his alter ego—were only recently produced (in April and May 2023). Dkt. No. 161 at 1. They have already contacted an accounting expert who has undertaken an initial review of the 1,031 pages of tax and financial documents received from Defendants' CPA on May 8, 2023, the Banco Popular account statements, and the transcripts of Rivera's and Firestone's depositions taken on July 24 and 25, 2023.[2] *Id.* at 1-2. Plaintiffs represent that the expert would be able to complete his review and analysis of the documents and deposition testimony, and provide his expert report, within 60 days. *Id.* at 2.

Plaintiffs further explain that, as a result of having received this recent information, they have evidence of large sums being transferred out of the Hammerhead account into Rivera and Firestone's joint account and Rivera's personal account, as well as Hammerhead paying Rivera's and Firestone's personal expenses. *Id*. According to Plaintiffs, large sums

---

[2] Plaintiffs also sought additional financial documents from Defendants, Dkt. No. 161 at 2, and asked the Court for an informal conference to discuss this request for production. The Court addressed this request at the August 9, 2023 status conference and declined Plaintiffs' invitation to schedule an informal discovery conference to discuss the production of these materials.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 5

have been "siphoned" from Hammerhead's accounts into Rivera's accounts which were not disclosed as income, draws, or gross receipts, which support their claim that Rivera used Hammerhead as his alter ego, and which would result in the LLC's veil being pierced. *Id.* at 3.

Plaintiffs contend that the factors in *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3d Cir. 2000),[3] for determining whether untimely evidence should be excluded provides a framework for adjudicating this motion. *Id.* at 4. They could not have engaged an accounting expert earlier because the relevant records had not been produced at the time expert discovery closed, and the motion was brought immediately after the depositions concluded on July 25. *Id.* at 5. Defendants would not be prejudiced or surprised because the need to seek an expert out of time was due to Defendants having failed to produce the records as ordered and their refusal to provide dates for the depositions, and any prejudice could be cured by allowing Defendants to engage their own expert and by allowing a deposition of Plaintiffs' expert. *Id.* at 6. Also, since Defendants have been allowed until September 21, 2023 to complete limited fact discovery, no real prejudice will result if, during the same period, Plaintiffs were allowed to produce an expert report. No trial date has been scheduled, so there will not be an undue delay or disruption of a trial. Plaintiffs' proposed schedule would have their expert report filed the week after Defendants' discovery period expires. Defendants could engage their expert and depositions could be completed 30 days

---

[3] These are the same factors set forth in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), disagreed with on other grounds by *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985).

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 6

after the Defendants' expert report is produced. *Id.*at 7. As to bad faith or willfulness in failing to comply with Court Orders, Plaintiffs point to the Defendants having failed to produce the financial records. *Id*. The importance of the opinions to be provided by Plaintiffs' expert are not within the scope of everyday common sense and expert testimony will be helpful for the jury to understand the "unlawful, fraudulent, and improper scope" of the Defendants' actions. *Id*. at 8.

In their Opposition, entitled "Defendants' Court Ordered Response in Opposition to Plaintiffs' Motion to Reopen Plaintiff's Time to Provide Accounting Expert's Report and Opinion," Hammerhead and Rivera reprise the procedural history of the case, beginning with the Hoffmans filing their complaint in May 2021 alleging alter ego liability. Dkt. No. 163 at 1-2. Defendants assert that Plaintiffs concocted this theory to exert litigation pressure on Rivera in a simple breach of contract matter, to which they added fraud and negligence claims, and that the current motion is unwarranted and unnecessary. *Id.* at 2-3. In any event, the Hoffmans were not diligent in seeking the required documents prior to the close of fact or expert discovery, given that: (1) with an initial May 2022 fact deadline, the Hoffmans served their first production requests in January 2022 on Hammerhead, not Rivera, and served their second set of requests in May 2022 on Hammerhead; (2) after the Court extended the fact discovery deadline to June 30, 2022, the Hoffmans served deposition notices on Hammerhead and Rivera for June 17, 2022; (3) on June 29, 2022, the Hoffmans moved to extend fact discovery to complete the depositions, and fact discovery closed on

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 7

June 30; (4) the July 11, 2022 deadline for the Hoffmans to identify their experts expired without them identifying an economic expert or seeking to extend the deadline, and on July 13, they filed a motion for leave to serve an updated expert report two days late; (5) the Court granted the motion and also ordered that the Hoffmans could complete the Rivera deposition and depose certain other people; (6) on August 31, 2022, Defendants produced an additional 166 pages of documents including company formation, tax, and banking documents, and Plaintiffs served subpoenas on Banco Popular; (7) at a September 9, 2022 discovery conference, the parties agreed that Defendants would produce their own redacted bank records and would confer on the tax work papers of the Defendants' CPA; and (8) "ultimately" Defendants produced 1200 pages of documents relating to their banking transactions which had not be requested by the Hoffmans prior to the close of discovery. *Id.* at 2-6.

Defendants argue that Plaintiffs attempt to shift the blame because Plaintiffs did not obtain the documents they needed to retain an expert, given that they knew they needed evidence to support their alter ego claims since they filed the initial complaint, including an economic expert. However, Plaintiffs sat on their hands in conducting discovery and never included these topics in the Rule 30(b)(6) deposition notice to Hammerhead; they were first mentioned in August 2022 in subpoenas after fact discovery closed. *Id.* at 7.

In their Reply, Plaintiffs point out that while Defendants contend that Plaintiffs sat on their hands in seeking to obtain the CPA records and Hammerhead bank statements,

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 8

Defendants did not discuss their own refusals and failures to turn over the documents over a nine-month period after September 2022 despite repeated requests to do so. Dkt. No. 164 at 1. Their inability to have an accounting expert review those documents was a direct result of that failure. *Id.* at 2. Without those documents, they could not have discovered facts regarding Rivera's treatment of Hammerhead as his alter ego; they were not dilatory in seeking production. *Id.* at 2-4. Finally, Defendants failed to discuss the *Poulis* factors (apparently Plaintiffs mean the *Pennypack* factors) and made no claim of prejudice should Plaintiffs be allowed to provide an accounting expert report out of time. *Id.* at 4.

## DISCUSSION

The first issue presented to the Court is what standard to apply to assess Plaintiffs' motion. While acknowledging that the standard set forth in *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904–05 (3d Cir. 1977), did not completely fit the circumstances here, Plaintiffs propose using that standard to assess the merits of their motion. In *Pennypack*, the Third Circuit set forth several factors a court should consider when deciding whether to exclude testimony under Fed. R. Civ. P. 37(c)(1) because of a failure to comply with relevant pretrial discovery orders. Those factors included:

> [1] the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 9

*Id*. at 904-05; *see also Konstantopoulos v. Westvaco Corp*., 112 F.3d 710, 719 (3d Cir. 1997). The Third Circuit has also stated that "the importance of the excluded testimony" should be considered. *Pennypack*, 559 F.2d at 904.

Defendants' opposition takes a global view, pointing out that Plaintiffs were not diligent in pursuing their alter ego claim when discovery was ongoing, but it fails to cite any legal authority or standard that the Court should use to assess Plaintiffs' motion. This failure runs afoul of the Local Rules. *See* LRCi 7.1(c) ("The memorandum shall contain the argument in support of the motion, including citation to relevant legal authority.").

In the Court's view, Plaintiffs are not presenting the question of excluding expert testimony as a sanction for a discovery violation under Rule 37. Rather, they seek to reopen discovery for the limited purpose of allowing an expert to review Defendants' recently-produced financial documents and testimony—produced long after the relevant deadlines have passed—and to provide an expert report to support their alter ego claim. This circumstance calls for application of the "good cause" standard under Fed. R. Civ. P. 16(b) for modifying a scheduling order when determining whether to reopen discovery.[4]

---

[4] The Court notes that in denying Defendants' Second Motion for an Extension of Time to Serve Experts, it assessed the motion under Rule 16(b)(4). Dkt. No. 89. In denying Defendants' Motion for Leave to Serve Expert Disclosures Out of Time, the Court rejected Defendants' argument that it should have used the *Pennypack* factors to assess their motion. Dkt. No. 101. The Court cited *Lee v. Kmart Corp*., No. 14-cv-79, 2016 WL 4373694 (D.V.I. Aug. 15, 2016), where the district judge held that a *Pennypack* analysis did not trump a Rule 16(b)(4) analysis.

The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Courts have defined "good cause" to include "circumstances beyond the control" of a party. *See Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.,* No. 09-CV-236, 2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); *see also Lord v. Consolidated Rail Corp.*, No. 13-784, 2015 WL 6163951, at *1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotation marks omitted). Courts consider several factors when determining whether to reopen discovery, including "(1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant." *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014); *see also Cramer v. Kerestes*, No. 3:15-CV-1360, 2020 WL 1233630, at *2 (M.D. Pa. Mar. 13, 2020) (applying Rule 16(b)(4) factors to motion to reopen discovery).[5]

The ultimate reason for the Court granting Plaintiffs' motion and reopening limited expert discovery is the fact that Defendants, who agreed to produce the records of their CPA

---

[5] The *Pennypack* factors and the Rule 16(b)(4) standard for modifying a discovery order contain overlapping factors (such as prejudice caused by the extension), and the Rule 16(b)(4) standard allows a court to consider any other factor it determines to be relevant. Under either standard, the Court would conclude that reopening discovery for the limited purpose of permitting Plaintiffs to provide an expert report, allowing Defendants to provide a rebuttal expert report, and conducting expert depositions, is warranted.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 11

and redacted Banco Popular statements in September 2022, which caused Plaintiffs to essentially withdraw their subpoenas, did not produce them then. Despite Plaintiffs' requests, they did not produce the CPA's documents until April and May 2023, following a show cause hearing. While this was after the close of fact and expert discovery, the parties had apparently agreed to this production in September 2022 with the Court's blessing, which basically exempted this discovery from the discovery deadline (and which the Court had indicated in its August 24, 2022 Order that it would extend, but never did). It very well may be that if Defendants had provided the documents in September 2022, and the depositions had concluded around that time, Plaintiffs' current request for expert discovery based on that information would have been dramatically untimely and unsupportable. But that is not the case. After review of the Banco Popular records, and the CPA records produced in May 2023, and after consideration of Rivera's and Firestone's deposition testimony in late July 2023 during which they apparently gleaned further information about their alter ego claim, Plaintiffs determined that an accounting expert was needed to explain their theory, and they immediately filed their motion to reopen. Interestingly, Defendants' opposition makes no reference to their failure to produce the documents in or around September 2022 as prompting the instant motion. Dkt. No. 163 at 3. Their global overview of Plaintiffs' alleged lack of diligence since the beginning of the case is not relevant to the Plaintiffs' motion; their failure to timely produce the documents is.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 12

The Court concludes that Defendants' conduct clearly contributed to the delay, not a lack of diligence on the Plaintiffs' part. *Trask*, 298 F.R.D. at 267. Under these circumstances, Plaintiffs "could not have reasonably met the scheduling order deadline." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC,* 293 F.R.D. 688, 701 (D.N.J. 2013) (internal quotation marks omitted).

As to potential prejudice caused by reopening discovery, Defendants do not object that allowing the proposed expert report would be prejudicial to them, or that Plaintiffs' proposed solution to cure the prejudice—allowing Defendants a rebuttal expert of their own and then permitting depositions of both experts—is unworkable or otherwise unfair. The Court finds that any possible prejudice to Defendants may be cured by permitting them an opportunity to provide a rebuttal expert of their own and to conduct a deposition of Plaintiffs' expert.

Further, despite the Court's best efforts to conclude discovery, Plaintiffs' January 2023 amendment of their complaint prompted the Court to grant Defendants' motion to permit them to conduct discovery on the new claims/allegations; the deadline for that discovery is September 21, 2023. Dkt. No. 150. As a result, no dispositive motion deadline has been set and there is no trial date; the addition of two months to finally bring discovery to a close will not disrupt a trial date or appreciably extend this protracted discovery process.

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 13

The Court does not find that either Plaintiffs or Defendants exhibited bad faith or willfulness to prompt the filing of this motion. It has long been the predilection of both parties to point fingers, accusing each other of everything from illegality to concocting claims. Plaintiffs contend that Defendants showed willfulness in not complying with Court Orders, which caused the Court to issue an Order to Show Cause to prompt the production of the CPA's financial records. Dkt. No. 161 at 7. But the record actually indicates that Defendants' counsel misread the April 12, 2023 Order that required production of these documents, Dkt. No. 126, and thereafter produced them. The Court then discharged the Order to Show Cause. Dkt. No. 135.

In sum, the Court will grant Plaintiffs' Motion to Reopen Time to Provide Accounting Expert's Report and Opinion, Dkt. No. 161, and will set a schedule for this limited discovery. The Court stresses to the parties that it will not extend these deadlines. The Court will also set a dispositive motion schedule.

Accordingly, it is hereby **ORDERED:**

1. Plaintiffs' Motion to Reopen Plaintiff's Time to Provide Accounting Expert's Report and Opinion, Dkt. No. 161, is **GRANTED.** The Court will allow limited expert discovery on the accounting issue only.

2. Plaintiff's accounting expert shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be served no later than **September 21, 2023.**

*Hoffman v. Hammerhead Construction LLC*
3:21-cv-00046-RAM-EAH
Order
Page 14

3. Defendants' accounting expert shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be served no later than **October 20, 2023.**

4. All experts' depositions, as provided in Fed. R. Civ. P. 26(a)(2), shall be completed no later than **November 21, 2023**. No rebuttal reports are allowed without leave of Court.

5. All dispositive motions—including *Daubert* motions—shall be filed on or before **January 22, 2024**.  No extensions for filing opposition or reply briefs are allowed without leave of Court.  If no dispositive motions will be filed in the case, the parties shall file, no later than **January 15, 2024**, a joint notice stating that the parties have not filed and do not intend to file any dispositive motions.

6. A status conference is scheduled for **November 28, 2023**, at **2:00 p.m. (AST) by videoconference** in STX Courtroom 3.

7. Pretrial filing deadlines and the trial date will be set by further order of the Court.

8. Any extensions, changes, and/or modification of any dates or deadlines contained herein (except for the expert discovery deadlines that will not be changed) shall be made only for good cause, with the Court's consent, per Fed. R. Civ. P. 16(b)(4).

ENTER:

Dated: August 21, 2023 /s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE