IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HARVEY M. HOFFMAN & JANICE E. HOFFMAN AS TRUSTEES OF THE HARVEY M. HOFFMAN & JANICE E. HOFFMAN REVOCABLE TRUST U/A/D NOV. 15, 2019,<br><br>Plaintiffs,<br><br>v.<br><br>HAMMERHEAD CONSTRUCTION LLC, and STEPHEN RIVERA,<br><br>Defendants. | Case No. 3:21-cv-0046 |

## ORDER

**BEFORE THE COURT** are Plaintiffs' objections to the Magistrate Judge's December 1, 2022 Order (ECF No. 102), denying those parts of the Plaintiffs' motion for leave to amend the complaint seeking to add Plaintiffs, Mr. and Mrs. Hoffman ("Hoffmans") as individual Plaintiffs and Jennifer Firestone ("Firestone") as a Defendant. (ECF No. 109.) Defendants did not oppose the objections.

### I. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure provides that a party may seek review of a Magistrate Judge's non-dispositive order by filing objections to the order. In reviewing a Magistrate Judge's order, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). A magistrate judge's finding is clearly erroneous if, upon consideration of the record evidence, the district court is "left with the definite and firm conviction that a mistake has been committed" and "is contrary to law if the magistrate judge

has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

## II. DISCUSSION

Plaintiffs contend that the December 1, 2022 Order is internally inconsistent because the Magistrate Judge found that Plaintiff's motion to amend was made timely within the period established by the previous orders and analyzed the motion under Rule 15, and not Rule 16, of the Federal Rules of Civil Procedure, which means that he implicitly found that any delay was not undue. Moreover, adding Hoffmans in their individual capacities does not require additional discovery and the negligent work was not discovered until after Defendants were given a stop work order on January 19, 2021. According to Plaintiffs, the Magistrate Judge ignored the fact that the Hoffmans assigned their interest in the property to the Trust, including contractual rights and, under Virgin Islands law, those claims descend to transferees even if they are not in privity with the contractor. As Trustees and beneficiaries of the Trust are the same in this case, Plaintiffs are the real parties in interest and can sue in their own name without mentioning the Trust. Plaintiffs assert that the Magistrate Judge's finding that Plaintiffs waited too long to add Jenifer Firestone, notwithstanding that Defendants failed to disclose her involvement until Defendants' June 17, 2022 deposition was erroneous. The Magistrate Judge applied the wrong standard when he failed to accept as true the factual allegations pled against Firestone for aiding and abetting and held Plaintiffs to a higher standard assessing whether Plaintiffs would prevail, rather than whether their allegations are plausible.

### (a) Adding the Hoffmans Individually as Plaintiffs

Plaintiffs' argument that the December 1, 20222 Order is internally inconsistent is meritless. Plaintiffs do not cite any legal authority in support of their proposition that the Magistrate Judge's finding that the motion to amend was filed within the scheduling order timeframe constitutes an implicit finding that any delay in filing the motion was undue. Upon review, the Court finds that the Magistrate Judge applied the correct legal standard in analyzing that part of the motion seeking to add Plaintiffs in their individual capacities and did not ignore "the fact that the Hoffmans assigned their interest in the property to the Trust,

Case: 3:21-cv-00046-RAM-EAH    Document #: 173    Filed: 09/19/23    Page 3 of 6

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **3** of **6**

which included their contract rights," as no such allegations exist in the proposed amendment. The Magistrate Judge explained in detail and considered Plaintiffs' arguments in support of the motion, finding properly that the delay was protracted and unjustified based on the Plaintiffs' failure to provide any reason why their counsel did not name them in their individual capacities when he commenced this action and why Plaintiffs waited sixteen months to seek amendment. Plaintiffs' attempt to characterize their protracted and unjustified delay in amending the complaint to add their names in their individual capacities as correcting "an understandable mistake" is meritless as the Magistrate Judge found because Plaintiffs were represented by competent counsel who, in doing due diligence, should have known the governing legal standards, including California trust law, Fed. R. Civ. P. 17(a), as well as potential deficiencies in the pleading suggested by Defendants' former counsel, as asserted in the Plaintiff's motion, upon receiving a copy of the Warranty Deed from the Hoffmans and the copy of the Trust, "that the plaintiffs were misidentified and that the claims pre-dating the existence and transfer of the property to the revocable trust might be barred or waived." Although Plaintiffs argued in reply that it is not necessary for a trustee to describe himself as a trustee in the pleadings, since a trustee prosecutes the action in his own name as the owner of the claim, they did not explain why, in light of that argument, they elected to proceed as Trustees. Having found that the Magistrate Judge's findings concerning the part of the motion to amend seeking to add Plaintiffs in their individual capacities are not clearly erroneous or contrary to law, the Court overrules the Plaintiffs' objections.

### (b) Adding Jennifer Firestone as a Defendant

The Magistrate Judge denied that part of the Plaintiff's motion to amend seeking to add Firestone as a Defendant on the grounds of: (i) lack of diligence and delay in discovering Firestone's role; (ii) failure to plead facts with particularity under Fed. R. Civ. P. 9(b); and (iii) futility based on failure to meet the second and third elements of aiding and abetting claim.

In considering diligence and delay, the Magistrate Judge found that Plaintiffs cursorily claimed that Defendants failed to identify Firestone in their discovery and they did not "explain what discovery questions Defendants did not answer directly or fully that would

Case: 3:21-cv-00046-RAM-EAH Document #: 173 Filed: 09/19/23 Page 4 of 6

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **4** of **6**

have elicited some information about Firestone's role; how Defendants would have used her to support their defenses at the beginning of the case, particularly since Firestone was not an employee or member of Hammerhead." Although the Magistrate Judge correctly noted that Plaintiffs did not identify in their motion any interrogatory answers in which Defendants failed to identify Firestone, the Court finds that Plaintiff's assertion, not denied by Defendants, that Defendants failed to disclose Firestone in their initial Fed. R. Civ. P. 26(a) disclosure as a person with knowledge of Defendants' financial operations, was not cursory. The Magistrate Judge's finding to the contrary was clearly erroneous because Rule 26(a) requires that a party "must, without awaiting a discovery request," provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Corporate Defendant's Rule 30(6)(b) witness, Defendant Stephen Rivera, testified that Firestone is his wife, and she does all the bookkeeping, pays all the bills for the corporate Defendant, and handles banking, payroll, and taxes, and he does not anything about the matters for which she is responsible. In their Answer, (ECF No. 8), Defendants denied most of the allegations in the complaint, including that "Defendants knew and were aware that they were overpaid by more than $218,000 by plaintiffs, and have retained those funds as their own," (Compl. ¶ 55), "Defendant Rivera falsely and fraudulently stated that the contract price was $567,589 and that $92,589 remains unpaid and owed," (Compl. ¶ 62), "Rivera swore under oath that the amounts set forth" in the Notice of Claim of Construction Lien recorded by Defendants "were true and correct, when he knew instead that they were false and completely untrue," (Compl. ¶ 63), in their Notice of Claim of Construction Lien, Defendants claimed additional services, which "had previously been paid for by plaintiff" or were "for work that was not actually done at the property or was done incorrectly," (Compl. ¶ 66). Defendants' denials in their Answer clearly demonstrate that Firestone should have been identified in their Rule 26(a) disclosures. Defendants' assertions that Plaintiffs failed to seek discovery on the alleged fraudulent overbilling and financial transactions do not obviate their obligations under Rule

Case: 3:21-cv-00046-RAM-EAH   Document #: 173   Filed: 09/19/23   Page 5 of 6

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **5** of **6**

26(a), and Defendants cannot claim prejudice or reap benefits based on their own discovery failure.

The Magistrate Judge assumed, without deciding, that Defendants pleaded the facts with particularity as required by Fed. R. Civ. P. 9(b), finding that Plaintiffs "failed to meet the second and third elements of stating an aiding and abetting claim against Firestone" because "nowhere do they alleged any knowledge Firestone had of the fraud at the time it was being committed or describe any substantial assistance she provides, as to overcome the 'heightened' basis for culpability required by the Restatement."

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must allege sufficient factual matter to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To the extent that the Magistrate Judge's findings suggest that a standard other than facial plausibility of the well-pleaded factual allegations considered as true under Fed. R. Civ. P. 12(b)(6) was used as the basis for finding an amendment futile, such standard was contrary to law. *Iqbal*, 556 U.S. at 678. Plaintiffs' proposed amended complaint contains general allegations of Firestone's knowledge and state of mind, as required by Rule 9(b), and specific allegations that Firestone participated in the creation of the fraudulent invoices and overbillings, including the November 2020 request to Plaintiffs to pay $92,000, and the January 2021 false and overstated Notice of Construction Lien. (ECF No. 80-1 ¶¶ 95, 125, 126). Firestone attempted to charge Plaintiffs for unauthorized services, including 24 months of pool maintenance, house cleaning on eight occasions, pressure washing at the property, four months of property management, electrical, plumbing, and mechanical work for which Defendants were not licensed. (*Id.* ¶¶ 127,128.) Firestone participated in charging

Case: 3:21-cv-00046-RAM-EAH   Document #: 173   Filed: 09/19/23   Page 6 of 6

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **6** of **6**

Plaintiffs $5,000, which was paid, for new interior doors for the property when he old doors were reused and painted. (*Id.* ¶ 131.) Taking as true specific allegations against Firestone, the Court finds that Plaintiffs asserted sufficiently specific factual content against Firestone under Rule 9(b) and Rule 12(b)(6) such that adding claims against Firestone is not futile. Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Plaintiffs' objections to that part of the Magistrate Judge's December 1, 2022 Order denying their motion to add Plaintiffs in their individual capacities, ECF No. 109, are **OVERRULED;** it is further

**ORDERED** that Plaintiffs' objections to that part of the Magistrate Judge's December 1, 2022 Order denying their motion to add Firestone as a Defendant, ECF No. 109, are **SUSTAINED;** and it is further

**ORDERED** that Plaintiff SHALL file their amended complaint in accordance with this Order **no later than October 6, 2023.**

**Dated:** September 19, 2023              */s/ Robert A. Molloy*
                                           **ROBERT A. MOLLOY**
                                           **Chief Judge**