**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| HARVEY M. HOFFMAN & JANICE E. HOFFMAN AS TRUSTEES OF THE HARVEY M. HOFFMAN & JANICE E. HOFFMAN REVOCABLE TRUST U/A/D NOV. 15, 2019,<br><br>Plaintiffs,<br><br>v.<br><br>HAMMERHEAD CONSTRUCTION, LLC, and STEPHEN RIVERA,<br><br>Defendants. | Case No. 3:21-cv-0046 |

## ORDER

**BEFORE THE COURT** are Defendants' objections to the Magistrate Judge's October 18, 2022 Order denying Defendants' second motion for extension of time to disclose experts (ECF No. 94) and December 1, 2022 Order denying Defendants' motion for leave to serve expert disclosures out of time (ECF No. 110). Plaintiffs filed their response to Defendants' objections to the October 18, 2022 Order. (ECF No. 99.)

Rule 72(a) of the Federal Rules of Civil Procedure provides that a party may seek review of a Magistrate Judge's non-dispositive order by filing objections to the order. In reviewing a Magistrate Judge's order, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's finding is clearly erroneous if, upon consideration of the record evidence, the district court is "left with the definite and firm conviction that a mistake has been committed" and "is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

On October 6, 2022, the Magistrate Judge granted Defendants' motion for extension of time to disclose experts from October 1, 2022 to October 17, 2022, finding that Defendants "have barely established good cause, given that they did not explain in detail the efforts they

made to comply with the October 1, 2022 deadline" and putting Defendants on notice that he "will not permit any further extension to this deadline." (ECF No. 85.) On the date the expert disclosure was due and notwithstanding the Magistrate Judge's notice that no further extension of deadline will be permitted, Defendants filed their second motion to extend the expert disclosure deadline to November 7, 2022, asserting they worked diligently to complete the inspection of the property at issue and supply their consulting experts with the necessary information, but the experts cannot complete the analyses by the October 17, 2022 deadline. (ECF No. 87.) Plaintiffs opposed the motion, arguing it was not supported by any evidence. (ECF No. 88.) The Magistrate Judge found that Defendants failed to show diligence and satisfy good cause for another extension because they did not support their factual assertions with any evidence or explain why, knowing the steps required to complete the expert reports, they did not ensure that those steps were timely completed. (ECF No. 89.)

On November 1, 2022, Defendants filed simultaneously their motion for leave to serve expert disclosure out of time (ECF No. 92) and objections to the October 18, 2022 Order, arguing the Magistrate Judge erred in finding lack of good cause for another extension of deadline (ECF No. 94). Plaintiffs opposed the motion, arguing it is an improper motion for reconsideration of the Court's October 18, 2022 Order containing the same arguments rejected by the court. (ECF No. 98.) On December 1, 2022, the Magistrate Judge denied the motion for failure to provide any legal ground supporting Defendants' request for relief and to comply with Rule 7.1(f) of the District Court Rules of Civil Procedure and construed the motion as one for reconsideration of the October 18, 2022 Order. (ECF No. 101.) Defendants filed objections to the December 1, 2022 Order arguing that the Magistrate Judge found improperly that they sought reconsideration of the October 18, 2022 Order. (ECF No. 110.)

Upon review of the record evidence, the Court finds that the Magistrate Judge's October 18, 2022 findings are neither clearly erroneous nor contrary to law. The Magistrate Judge articulated and applied the correct legal standard in his October 18, 2022 Order. In their objections to the October 18, 2022, Defendants conceded that the Magistrate Judge's observation that they filed their motion at 11:16 p.m. on the day the discovery was due is factually correct and his finding that the assertions of counsel are not evidence is also correct

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **3** of **4**

but contend that the Magistrate Judge did not afford them an opportunity to file a reply that would address the Plaintiff's lack of evidence argument. However, on a motion under Fed. R. Civ. P. 16, the burden is on the movant "to demonstrate 'good cause' before the Court will amend its Case Management Order," *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010), and that burden cannot be met by an improper attempt to correct the initial failure to support the motion in reply. Defendants did not cite any legal authority to the contrary. Moreover, Rule 6.1(b)(6) of the District Court Rules of Civil Procedure provides that "[n]othing herein shall prohibit the Court from ruling without a response or reply when deemed appropriate." Defendants also failed to cite any legal authority in support of their argument that the Magistrate Judge's failure to afford a reply or conduct a hearing is an error of law. Defendants knew, since October 6, 2022, that no further extension of the deadline for expert discovery beyond October 17, 2022, the date Defendants selected, would be permitted, yet, despite that knowledge, they decided to take a risk and make their last minute second motion to extend the expert discovery deadline without any evidentiary support. Although taking that risk was Defendants' prerogative, it was not without consequences. *See United States v. Locke*, 471 U.S. 84, 101 (1985) (finding that deadlines "necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them," but if a deadline "is to have any content, the deadline must be enforced.").

Similarly, upon review of the record evidence, the Court finds that the Magistrate Judge's December 1, 2022 findings are neither clearly erroneous nor contrary to law. The Magistrate Judge correctly found that Defendants failed to provide citation to any legal authority supporting their request for relief and, after deeming the motion as one for reconsideration of the October 18, 2022 Order, applied the proper legal standard provided by Rule 7.3(a) of the District Court Rules of Civil Procedure, finding that the motion did not contain any new evidence, identify an intervening change in controlling law, or identify any dispositive or factual matter that the court overlooked. *See Castillo v. Kmart Corp.*, No. 2001-CV-0133, 2007 WL 4973940, at *1 (D.V.I. July 6, 2007) (finding that "clear error or manifest injustice is equated with the court's overlooking of dispositive factual or legal matters").

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **4** of **4**

Accordingly, the Magistrate Judge's December 1, 2022 Order is not clearly erroneous or contrary to law. For the foregoing reasons, it is

**ORDERED** that Defendants' objections to the Magistrate Judge's October 18, 2022 Order, ECF No. 94, and the December 1, 2022 Order, ECF No. 110, are overruled.

**Dated:** September 19, 2023     */s/ Robert A. Molloy*
                                  **ROBERT A. MOLLOY**
                                  **Chief Judge**