IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HARVEY M. HOFFMAN & JANICE E. HOFFMAN AS TRUSTEES OF THE HOFFMAN REVOCABLE TRUST, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 3:21-cv-0046 |
| v. | )<br>)<br>) |
| HAMMERHEAD CONSTRUCTION LLC, STEPHEN RIVERA, and JENNIFER FIRESTONE, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ATTORNEYS:**

**A. JEFFREY WEISS, ESQ.**
A.J. WEISS AND ASSOCIATES
ST THOMAS, U.S. VIRGIN ISLANDS
    *FOR PLAINTIFFS*

**RYAN MEADE, ESQ.**
RYAN MEADE CHARTERED ATTORNEY, LLC
MARIETTA, GEORGIA
    *FOR DEFENDANTS*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

**BEFORE THE COURT** is Defendants Hammerhead Construction LLC ("HC") and Stephen Rivera's ("Rivera") (collectively "Defendants") Motion to Dismiss Second Amended Complaint. (ECF No. 193.) Plaintiffs, Harvey M. Hoffman and Janice E. Hoffman (the "Hoffmans"), as Trustees of the Harvey M. Hoffman & Janice E. Hoffman Revocable Trust ("the Trust") opposed the motion. (ECF No. 218.) For the following reasons, the Court will grant the motion, in part, and deny it, in part.

## I. ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

The Hoffmans allege that, in May 2017, based on Defendants' representations that they are licensed general contractors, engaged Defendants to perform certain work at their property in St. Thomas. The Hoffmans paid the May 4, May 17, and August 9, 2017 invoices, but Defendants failed to complete the work prior to September 6, 2017, when Hurricane Irma struck St. Thomas causing significant damage to the Hoffmans' property. Thereafter, the Hoffmans and Defendants agreed that Defendants would undertake debris removal, hurricane repair, and restoration work for $521,378, as itemized on the October 23, 2018 schedule for Revised Hurricane Rebuild Fee. Between March 14, 2017, and December 20, 2018, the Hoffmans paid Defendants $475,000.

On November 15, 2019, the Hoffmans set up the Trust. They deeded their property to the Trust in December 2019. As Defendants failed to complete the work timely, damaged the Hoffmans' property, and provided defective services, the Hoffmans, on January 19, 2021, informed Defendants to stop work on the property. On January 29, 2021, Defendant Rivera caused a Notice of Claim of Construction Lien to be recorded against the Hoffmans' property claiming an unpaid balance of $92,589.

The Hoffmans commended this action on May 21, 2021. During discovery in this action, the Hoffmans learned that Defendants were not licensed contractors, they used unlicensed sub-contractors for plumbing and electrical work, and failed to secure the necessary permits for the reconstruction work they were doing, as well as to ensure appropriate inspections and compliance with various codes. The Hoffmans allege that HC is Rivera's alter ego and assert the following causes of action: Breach of Contract (Count I), Breach of Implied Warranty of Proper Workmanship & Fitness for Purpose (Count II), Fraud and Misrepresentation (Count III), Unjust Enrichment (Count IV), Debt (Count V), False and Overstated Construction Lien (Count VI), Slander of Title (Count VII), Defamation (Count VIII), Discharge of Lien (Count IX), and Negligence and Negligence Per Se (Count X). Plaintiffs seek damages and a declaration that: (i) the January 29, 2021 Notice of Claim of Construction Lien was false and fraudulent and filed by Defendants in bad faith and in retaliation for Plaintiffs' termination of the contract; (ii) the January 29, 2021 Notice of Claim of

Construction Lien expired and must be stricken and removed from the record and chain of title to Plaintiffs' property; and (iii) HC is Rivera's alter ego for the purpose of piercing a corporate veil.

Defendants have filed the instant motion seeking to dismiss the claims.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must allege sufficient factual matter to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While consideration of a Rule 12(b)(6) motion is limited to the pleadings and the burden of persuasion is on the defendant, on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, courts "can consider evidence beyond the pleadings" and the burden of persuasion is on the plaintiff. *Potter v. Cozen & O'Connor*, 46 F.4th 148, 155 (3d Cir. 2022).

## III. DISCUSSION

Defendants assert that: (1) the Hoffmans in their capacities as Trustees do not have standing to assert Counts I, II and V, as well as Counts III, IV and X arising prior to the creation of the Trust; (2) the existence of a contract bars Count IV; (3) Count III is not alleged with the specificity required by Rule 9 of the Federal Rules of Civil Procedure; (4) Counts VI, VII, VIII and IX are moot because the January 29, 2021 Notice of Claim of Construction Lien to the property expired after 90 days under 28 V.I.C. § 271 and prior to this suit; (5) Count X is barred by the gist of the action doctrine and economic loss rule, which prelude tort suits for the breach of contract; and (6) the federal declaratory judgment does not apply to the District Court of the Virgin Islands. The Hoffmans assert that the Trust has standing because the property together with contractual and any other claims were assigned to the Trust, they plead Count IV in the alternative, Count II is sufficiently specific, counts VI, VII, VIII and IX

are not moot because the lien remains recorded notwithstanding that it is statutorily invalid, declaratory relief is available pursuant to the Virgin Islands Declaratory Judgments Act, 5 V.I.C. § 1261, and Count X is not barred by the gist of the action or economic loss rule.

### A. Standing under Counts I, II, III, IV, V and X

"As the Supreme Court has explained, standing 'consist[s] of two related components: the constitutional requirements of Article III and nonconstitutional prudential considerations.'" *Potter v. Cozen & O'Connor*, 46 F.4th 148, 154 (3d Cir. 2022) (quoting *Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 335 (1990)). Article III of the United States Constitution limits the jurisdiction of federal courts to the resolution of cases and controversies. U.S. Const. art. III, § 2. To establish Article III standing, three elements must be met: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). Nonconstitutional "prudential standing requirements are not derived from Article III, and rather are 'a set of judge-made rules forming an integral part of judicial self-government.'" *Potter*, 46 F.4th at 154 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–26 (2014)). One of the prudential standing requirements is "that 'the plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990) (quoting *Warth v. Seldin,* 422 U.S. 490, 499 (1975)). A prudential exception to the injury-in-fact requirement permits third-party standing if the plaintiff can show: (1) a close relationship to the party who possesses the right; and (2) "a 'hindrance' to the possessor's ability to protect his own interests." *Kowalski v. Tesmer*, 543 U.S. 125 (2004). The plaintiff "bears the burden of establishing standing and must 'clearly . . . allege facts demonstrating each element.'" *Yaw v. Delaware River Basin Comm'n*, 49 F.4th 302, 310–11 (3d Cir. 2022) (citation omitted).

The Hoffmans entered into the May 2017 contract with Defendants and agreed to the Revised Hurricane Rebuild Fee on October 23, 2018. They made the last payment to Defendants on December 20, 2018, which precedes the creation of the Trust on November 15, 2019. The Hoffmans deeded the property to the Trust on an unidentified day in December

*Hoffman v. Hammerhead Construction LLC*
Case No. 3:21-cv-0046
Memorandum Opinion
Page **5** of **8**

2019. There are no allegations that: (a) the Hoffmans assigned their individual rights arising out of and related to their contracts with Defendants to the Trust, *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.,* 554 U.S. 269, 285 (2008) ("Lawsuits by assignees, including assignees for collection only, are cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process."), including to pursue causes of action for Breach of Contract (Count I) or, alternatively, Unjust Enrichment (Count IV), Implied Warranty of Proper Workmanship and Fitness for Purpose (Count II), Fraud and Misrepresentation, except for fraud with respect to the January 29, 2021 Notice of Claim of Construction Lien (Count III),[1] Debt (Count V) related to contractual payments, and Negligence and Negligence Per se (Count X) arising out of the Defendants' work performed under the contracts; (b) the Trust suffered any injury; or (c) the Trust made any payments to Defendants based on the agreements at issue. Although the Hoffmans allege that they "were both the grantors and beneficiaries of the revocable trust," (ECF No. 179, § 26), their status as beneficiaries of the Trust is uncertain as it is contingent on "the continued existence of the trust, which apparently can be revoked at any time." *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009). Most importantly, the Hoffmans fail to allege that there was any hinderance to their abilities to protect their own interests. Indeed, the Hoffmans asserted identical claims against Defendants in the action they removed from the Superior Court of the Virgin Islands, *Hammerhead Construction, LLC v. Hoffman*, Case No. 3:23-cv-0014, demonstrating their ability to protect their personal interests. Although the Hoffmans as Trustees have capacity to bring a suit and defend on behalf of the Trust, neither the Trust nor the Hoffmans as Trustees possess the rights sought to be enforced and neither the Trust nor the Trustees suffered an injury in fact with respect to Counts I, II, III (except fraud with respect to the January 29, 2021 Notice of Claim of Construction Lien), IV, V and X. Moreover, the Court previously denied Plaintiffs' motion to amend the complaint to add Hoffmans in their

---

[1] The Hoffmans, as Trustees, have standing to assert fraud with respect to the January 29, 2021 Notice of Claim of Construction Lien recorded against the property at issue because the property was deeded to the Trust in December 2019. Defendants concede as much when they contend that the Hoffmans "lack standing to bring claims for fraud which occurred prior to November 15, 2019" as Trustees. (ECF No. 194 at 10.) Moreover, Defendants concede that the allegations related to the January 29, 2021 Notice of Claim of Construction Lien are "adequately and specifically plead." (*Id.* at 9 n.7.)

individual capacities.[2] (ECF No. 173.) The Court finds that Hoffmans as Trustees failed to establish the prudential exception to the injury-in-fact requirement that would permit third-party standing to assert Counts I, II, III (except fraud with respect to the January 29, 2021 Notice of Claim of Construction Lien), IV, V and X.

### B. **Mootness under Counts VI, VII, VIII and IX**[3]

"[F]ederal courts can entertain actions only if they present live disputes, ones in which both sides have a personal stake." *Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). A case becomes moot when "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017). A party asserting mootness has a burden to persuade the court that there is no longer a live controversy. *Hartnett*, 963 F.3d at 305-06. "When a plaintiff seeks declaratory relief, a defendant arguing mootness must show that there is no reasonable likelihood that a declaratory judgment would affect the parties' future conduct." *Id.* at 306.

The purpose of the construction lien is "securing payment to contractors and subcontractors who provide materials and/or services to improve an owner's property" and "protecting property owners from abusive lien practices and the risk of double payment." *H.I. Const., LLC v. Bay Isles Assocs., LLLP*, 53 V.I. 206, 214 (V.I. Super. 2010). A construction lien is discharged "by failure to record notice of the commencement of an action to enforce the lien or notice that no cause of action has accrued within the time prescribed in section 271 of this title." 28 V.I.C. § 270(a)(2). A notice of construction lien does not bind "any property for a period of time longer than 90 days after the recording of the notice of lien unless within that time an action to foreclose the lien is commenced in a proper court or unless within that time the claimant has recorded an affidavit" as provided in 28 V.I.C. § 271(b). 28 V.I.C. § 271(a). "If a claimant in bad faith overstates the amount for which he is

---

[2] Despite the Court's previous rejection of Plaintiffs' assertions that the Hoffmans assigned to the Trust their contractual rights with respect to the property at issue because no such allegations existed in the proposed amended complaint, (ECF No. 173 at 2-3), Plaintiffs persist in making the same baseless assertions in their opposition to the instant motion. (ECF No. 218 at 4-6, 12-13).

[3] Defendants do not challenge the standing of the Hoffmans as Trustees with respect to Counts VI, VII, VIII and IX.

entitled to a lien" the court may declare the lien void, award the owner or other injured person actual damages and "award the owner punitive damages in an amount not exceeding the difference between the amount claimed as a lien and the amount which the claimant was actually entitled to claim as a lien." 28 V.I.C. § 275(b)(1)-(3).

Defendants do not explain nor cite to any binding authority to support their argument that their expired January 29, 2021 Notice of Claim of Construction Lien, which no longer encumbers the property, moots the causes of action for False and Overstated Construction Lien (Count VI), Slander of Title (Count VII), and Defamation (Count VIII). The statute does not contain any language limiting in any way or making contingent on any time period or occurrence the owner's remedy for bad faith overstatement of the lien amount. *See Smith Bay Ctr. Corp. v. Jackman*, No. ST-00-CV-15, 2009 WL 10742401, at *6 (V.I. Super. Sept. 21, 2009) (finding that "at this time, the lien is of no effect" and proceeding to analyze whether the claimant overstated the lien amount in bad faith). Accordingly, the Court finds that Defendants failed to establish that Counts VI, VII and VIII are moot.

As to Count IX, Discharge of Lien, the Court agrees with the Hoffmans' allegation that it "has been discharged by operation of law," (ECF No. 179 ¶ 178), "by failure to record notice of the commencement of an action to enforce the lien or notice that no cause of action has accrued within the time prescribed in section 271 of this title." 28 V.I.C. § 270(a)(2). However, the Court will decline to find Count IX moot at this time because although it appears that the lien has expired, there is no indication that the lien has been removed from the records of the Office of the Recorder of Deeds.

### C. Count XII - Declaratory Judgment and Relief[4]

The federal Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Virgin Islands Declaratory Judgments Act, based on the Uniform Declaratory Judgments Act,

---

[4] In their Second amended Complaint, Plaintiffs erroneously identified "Declaratory Judgment & Relief," which follows "Count X – Negligence and Negligence Per Se," as "Count XII." (ECF No. 179 at 43.) Plaintiffs acknowledge this error in their opposition brief. (ECF No. 218 at 17.)

provides that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 5 V.I.C. § 1261. The federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Virgin Islands Declaratory Judgments Act, 5 V.I.C. § 1261, "are procedural in nature," *Luis v. Dennis*, 751 F.2d 604, 607 (3d Cir. 1984), and create a remedy only, *Cutaiar v. Marshall*, 590 F.2d 523, 527 (3d Cir. 1979).

Neither the Supreme Court nor the Third Circuit has held that the federal Declaratory Judgment Act does not apply to the District Court of the Virgin Islands. *St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands*, 218 F.3d 232, 242 n. 5 (3d Cir. 2000) ("Nor do we decide whether the federal Declaratory Judgment Act, 28 U.S.C. § 2201, applies to the Virgin Islands."). Even assuming that Section 2201 does not apply, Defendants do not argue that the Virgin Islands Declaratory Judgments Act does not apply. Although some of the Hoffmans' requests for declaratory relief seek determination of liability rather than declaration of any rights or legal relations, others seek declaratory relief concerning legal relations. Given the remedial nature of declaratory relief, the Court finds that dismissing Hoffmans' request for declaratory relief is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants' Motion to Dismiss Second Amended Complaint, ECF No. 193, and dismiss all substantive Counts except Counts VI, VII, VIII, and IX. An appropriate Order will follow.

**Date:** September 18, 2024                    /s/ *Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **Chief Judge**