IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HARVEY M. HOFFMAN & JANICE E. HOFFMAN AS TRUSTEES OF THE HOFFMAN REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>HAMMERHEAD CONSTRUCTION LLC, STEPHEN RIVERA, and JENNIFER FIRESTONE,<br><br>Defendants. | Case No. 3:21-cv-0046 |

### ORDER

**BEFORE THE COURT** is Plaintiffs' Motion to Dismiss Defendant [Jenniffer] Firestone's Counterclaim. (ECF No. 219.) Firestone opposed the motion. (ECF No. 221.) For the following reasons, the Court will grant the motion.

### I. BACKGROUND

On December 1, 2022, the Magistrate Judge granted the Plaintiffs' motion to amend the complaint to the extent that Plaintiffs may correctly identify the name of the Trust, but denied the motion to the extent that Plaintiffs may add the other allegations set forth in their proposed amended complaint that do not include the allegations to the Plaintiffs individually and to add Firestone as a Defendant. (ECF No. 102.) Plaintiffs filed their objection to the Magistrate Judge's December 1, 2022 Order. (ECF No. 109.) On September 19, 2023, the Court overruled the Plaintiffs' objections to the denial of their motion to add Plaintiff's in their individual capacities, sustained their objections to denial of their motion to add Firestone as a Defendant and directed Plaintiffs to file the amended complaint no later than October 6, 2023. (ECF No. 173.) Plaintiffs filed their Second Amended Complaint timely. (ECF

No. 179.) Firestone filed her answer and counterclaim. (ECF No. 195.) The instant motion followed.

## II. LEGAL STANDARD

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). Evaluating a motion to dismiss under Rule 12(b)(6) involves three steps: (1) articulating the elements of the claim; (2) disregarding "formulaic recitation of the elements," other legal conclusions, and speculative allegations that "fail to cross the line between the conclusory and the factual"; and (3) evaluating "the plausibility of the remaining allegations." *Lutz v. Portfolio Recovery Assocs., LLC,* 49 F.4th 323, 327 (3d Cir. 2022).

## III. DISCUSSION

Plaintiffs argue that Firestone's counterclaim fails to allege any facts that would satisfy the elements of any recognized claim for relief. Firestone contends that she has adequately alleged a counterclaim for abuse of process.

Firestone's counterclaim contains 21 paragraphs consisting almost entirely of improper legal conclusions[1] and speculative conclusory assertions. The only well pleaded allegations are: (i) Firestone is Defendant Stephen Rivera's[2] ("Rivera") wife and not a

---

[1] Paragraphs 10, 11 and 12 appear to be incomplete, each alleging "The HOFFMANS' fabricated allegations against FIRESTONE" as the subject of the sentence that does not have any verb. It seems that Firestone meant to allege "The HOFFMANS fabricated allegations against FIRESTONE," which would make the sentences complete. In either case, Paragraphs 10, 11 and 12 are conclusory.

[2] Firestone erroneously alleges that she "is plaintiff Rivera's wife." (EEF No. 195 ¶ 1.) Stephen Rivera is a Defendant in this case.

member or employee of Hammerhead Construction, LLC ("Hammerhead") (ECF No. 195 ¶ 1); (ii) Plaintiffs commenced this action against Rivera and Hammerhead (*id.* ¶ 2); and (iii) during Rivera's July 17, 2022 deposition, in response to a question concerning receipts for repairs and maintenance on any equipment owned by Hammerhead, Firestone was identified as the bookkeeper for Hammerhead and, in response to a question concerning Rivera's business cell phone account for Hammerhead, Firestone was identified as a person with knowledge of the details of that account (*id.* ¶¶ 6-8). Firestone did not identify any cause of action under Virgin Islands law or any claim under federal law in her counterclaim and the well pleaded allegations taken as true are insufficient "to state a claim to relief that is plausible on its face." *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020).

In her opposition to the motion, Firestone contends that she adequately pled a counterclaim for abuse of process[3] relying improperly on her conclusory allegations in the counterclaim as well as additional facts not asserted in the counterclaim, namely, that she is not Hammerhead's agent and that "the testimony elicited is contrary to the allegations asserted against her." (ECF No. 221 at 6.) Firestone also asserts in her opposition brief that "she is not a proper party in the litigation and adding her as a party is not a proper or intended purpose of civil litigation," (*id.*), in contravention of the Court's September 19, 2023 Order finding that "Plaintiff asserted sufficiently specific factual content against Firestone under Rule 9(b) and Rule 12(b)(6) such that adding claims against Firestone is not futile."

---

[3] To establish abuse of process cause of action, plaintiff must show: "(1) while acting with an ulterior motive or an improper purpose, (2) the defendant used the process in a manner that would not be proper in the normal prosecution of a case." *Kirkland v. Feddersen*, 2023 VI SUPER 25U, ¶ 27 (V.I. Super. May 18, 2023).

*Hoffman et al. v. Hammerhead Construction LLC et al.*
Case No. 3:21-cv-0046
Order
Page **4** of **4**

(ECF No. 173 at 6.) The Court finds Firestone's assertions frivolous and not made in good faith. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Dismiss Defendant Firestone's Counterclaim, ECF No. 219, is **GRANTED**; and it is further

**ORDERED** that Firestone's Counterclaim is **DISMISSED**.

**Date:** September 18, 2024　　　　　　　　*/s/ Robert A. Molloy*
　　　　　　　　　　　　　　　　　　　　　**ROBERT A. MOLLOY**
　　　　　　　　　　　　　　　　　　　　　**Chief Judge**