IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **HARVEY M. HOFFMAN & JANICE E. HOFFMAN AS TRUSTEES OF THE HARVEY M. HOFFMAN & JANICE E. HOFFMAN REVOCABLE TRUST U/A/D NOV. 15, 2019,**<br><br>Plaintiffs,<br><br>v.<br><br>**HAMMERHEAD CONSTRUCTION LLC, STEPHEN RIVERA, and JENNIFER FIRESTONE,**<br><br>Defendants. | Case No. 3:21-cv-0046 |

## ORDER

**BEFORE THE COURT** is Plaintiffs' Objection to Magistrate's October 24, 2024, Order (Objection) (ECF No. 256), filed November 5, 2024. The time for Defendants to file any response has expired.

### I. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure provides that a party may seek review of a Magistrate Judge's non-dispositive order by filing objections to the order. In reviewing a Magistrate Judge's order, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). A magistrate judge's finding is clearly erroneous if, upon consideration of the record evidence, the district court is "left with the definite and firm conviction that a mistake has been committed" and "is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

Case: 3:21-cv-00046-RAM-EAH　　Document #: 262　　Filed: 09/26/25　　Page 2 of 3

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **2** of **3**

## II. DISCUSSION

Plaintiffs contend that the October 24, 2024, Order denying their motion to amend their Second Amended Complaint must be reversed, claiming that the Magistrate Judge "disregarded . . . overriding public policy." Objection at 1. They assert that the Court's September 18, 2024, order's "dismissal of Counts I, II & III was not entered with prejudice, and that in such circumstances the Third Circuit has modified similar orders directing that the order state that the dismissal is without prejudice so as to permit amendment to cure the pleading defect found so that the case may be resolved on its merits." Objection at 1. Therefore, they conclude, they should be allowed to "cure" the defects related to standing to sue identified by the Court in the said September 18, 2024, order and amend their complaint to include allegations necessary to add Harvey M. Hoffman and Janice E. Hoffman, in their individual capacities, as plaintiffs, and replead the dismissed claims. Objection at 1-4.

However, this is not the first time Plaintiffs have attempted to add themselves individually as Plaintiffs. The Magistrate Judge denied the previous attempt, and the undersigned affirmed the Magistrate Judge's order, finding that the "Magistrate Judge applied the correct legal standard in analyzing that part of the motion seeking to add Plaintiffs in their individual capacities" and that the "Magistrate Judge's findings concerning the part of the motion to amend seeking to add Plaintiffs in their individual capacities are not clearly erroneous or contrary to law . . . ." Order (ECF No. 173), entered September 19, 2023. Although Plaintiffs' reason for seeking to amend, namely to address the standing issues identified in the Court's September 18, 2024, Memorandum Opinion (ECF No. 248), might be different from the premise underlying Plaintiffs' earlier motion to amend, the proposed amendments to add Plaintiffs as individuals are similar to the amendments contained in the previous motion and the delay in seeking the amendments is even greater than before. Consequently, the Court finds that the Magistrate Judge did not err. The Magistrate Judge's Order of October 24, 2024, accurately recounts the background facts and procedural history of this matter. The order is well-reasoned and methodical in citing the correct legal standard and applying that standard to the facts, resulting in a sound decision. The Court determines that nothing in the order is clearly erroneous or contrary to law; no mistake was made.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Plaintiffs' Objection to Magistrate's October 24, 2024 Order, ECF No. 256, is **OVERRULED;** it is further

**ORDERED** that the Magistrate's October 24, 2024 Order, ECF No. 255, denying Plaintiff's Motion and Combined Memorandum in Support of Leave to File Third Amended Complaint, ECF No. 253, is **AFFIRMED**.

**Dated:** September 26, 2025                                  /s/ *Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                 **Chief Judge**