IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HARVEY M. HOFFMAN & JANICE E. HOFFMAN AS TRUSTEES OF THE HARVEY M. HOFFMAN & JANICE E. HOFFMAN REVOCABLE TRUST U/A/D NOV. 15, 2019,<br><br>Plaintiffs,<br><br>v.<br><br>HAMMERHEAD CONSTRUCTION LLC, STEPHEN RIVERA, and JENNIFER FIRESTONE,<br><br>Defendants. | Case No. 3:21-cv-0046 |

## ORDER

**BEFORE THE COURT** is Plaintiffs' Objection to Magistrate[ Judge]'s January 23, 2026 Report and Recommendation (Objection) (ECF No. 267), filed February 6, 2026. Defendants filed a response in opposition to the said Objection on February 18, 2026. *See* ECF No. 270. At issue is Magistrate Judge Emile A. Henderson III's Report & Recommendation (R&R) (ECF No. 265), wherein he recommends that "Plaintiffs' 'Motion for Partial Summary Judgment to Pierce the Hammerhead Construction Company['s] Veil and for Summary Judgment on Counts II of the Second Amended Complaint for Breach of Implied Warranties and on Count VI for False and Overstated Construction Lien,' Dkt. No. 227, be DENIED." R&R at 17. For the reasons discussed below, the Court will overrule Plaintiffs' Objection and adopt the Report and Recommendation.

## I. LEGAL STANDARD

Rule 72 of the Federal Rules of Civil Procedure provides that a party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy,

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **2** of **5**

any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). In reviewing a Magistrate Judge's findings and recommendations, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. . . ." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

As the R&R in the matter at bar pertains to Plaintiffs' combined motions for partial summary judgment and summary judgment, the Court reviews the R&R according to the standards governing the disposition of motions for summary judgment; foremost, that summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id*. In addition, when deciding the existence of a genuine dispute of material fact, a court must resolve all reasonable "inferences, doubts, and issues of credibility . . . against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983); *see Daubert*, 861 F.3d at 388-89 (citing *Steele v. Cicchi*, 855 F.3d 494, 500 (3d Cir. 2017)). Thus, when considering a motion for summary judgment, a court's role is not to weigh the evidence. Instead, a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. "Unsubstantiated arguments made in briefs are not considered evidence of asserted facts." *Winslow v. Extra Storage Space*, CIVIL ACTION NO. 23-4930, 2025 U.S. Dist. LEXIS 106578, at *7 (E.D. Pa. June 5, 2025) (citing *Versarge v. Twp. of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993)). Further, a court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II. DISCUSSION

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **3** of **5**

Plaintiffs contend that Judge Henderson's "[f]indings are erroneous and contrary to law." Objection at 3. They assert that Judge Henderson disregarded undisputed evidence. *Id*. at 5-18.

To begin, the Court notes that, in view of the Court's dismissal of Counts I and II of Plaintiffs' Second Amended Complaint (SAC) (ECF No. 179), *see* Order (ECF No. 249), entered September 18, 2024, Magistrate Judge Henderson appropriately narrowed the analysis of Plaintiffs['] Motion Partial Summary Judgment to Pierce Hammerhead Construction's Company Veil, and for Summary Judgment on Count II of the Second Amended Complaint for Breach of the Implied Warranties of Proper Workmanship & Fitness for Purpose, and on Count VI for False and Overstated Construction Lien (ECF No. 227) to Count VI of the SAC, only.

Despite Plaintiffs' citation to statements made in their motion that they allege establish "undisputed" facts disregarded by Judge Henderson, the Court agrees with the Magistrate Judge that Plaintiffs' "statements are completely conclusory." R&R at 1. For example, they claim that they

> established that the fraudulent and overstated construction lien "unilaterally [sought] to modify the agreed upon scope of work and Revised Hurricane Rebuild fee in an attempt to obtain money they were otherwise not entitled to, fraudulently overcharging for work and services, fraudulently charging for work & services as "Additional Services" which were already included in the Oct. 23, 2018 scope of work and Revised Hurricane Rebuild Fee, fraudulently charging for work or services that were not provided or completed... "

Objection at 4-5 (citing "Doc. # 227 at pp. 4-5; Doc. # 228, PSUMF at 12 (citing to each of the plaintiff's [sic] unrebutted expert reports which describe the extensive defective, improper, incomplete and non-Code compliant work undertaken by Hammerhead and Rivera at the property")) (other citations omitted) (footnoted omitted). Even though Plaintiffs' expert reports may be unrebutted, the amounts contained in the lien that differ from Plaintiffs' expert reports clearly represent a genuine dispute of material fact. Likewise, the assertion that the amounts in the lien contain amounts that "were already included" in previous agreements is a disputed material fact. Plaintiffs' Objection is replete with similar examples.

Regarding the large portion of the Objection addressed to Defendant Rivera and Firestone's affidavits submitted in support of Defendants' opposition to the motion, the

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **4** of **5**

Court agrees with Defendants that Plaintiffs' characterization of the affidavits as "sham" affidavits does not make them so. As articulated by the Third Circuit Court of Appeals, "'A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment.'" *Dalal v. Molinelli*, No. 24-2649, 2026 U.S. App. LEXIS 5994, at *19 (3d Cir. Mar. 2, 2026) (quoting *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007)). While Plaintiffs cite to this doctrine, *see* Objection at 8, Plaintiffs do not demonstrate how the affidavits contradict (and not merely "attempt[] to contradict," Objection at 6) their deposition testimony or otherwise show that Defendants "cannot maintain a consistent story." *Dalal*, 2026 U.S. App. LEXIS 5994, at *19.[1] Neither do Plaintiffs establish that the affidavits were offered "solely for the purpose of defeating summary judgment." *Id*. Again, the affidavits confirm that genuine issues of material fact exist and, thus, that Plaintiffs are not entitled to summary judgment.

The Court also finds that Plaintiffs' repeated insistence that the fraudulent nature of the lien is clear from undisputed evidence, *see* Objection at 8-17, is merely unsubstantiated argument. Some of the "undisputed evidence" cited by Plaintiffs is not undisputed; it requires credibility determinations, findings of intent, and weighing of evidence – all functions of a jury and not a court upon a motion for summary judgment.

The Magistrate Judge's Report & Recommendation, entered January 23, 2026, accurately recounts the background of this matter. The R&R is well-reasoned and methodical in citing the correct legal standard and applying that standard to the facts, resulting in a

---

[1] Minor inconsistencies or inconsistencies that can be explained do not support the finding of a "sham affidavit." *See, e.g., Sterner v. Siemens Med. Solutions United States*, 706 Fed. App'x 772, 776 (3d Cir. 2017) (where the court states: "Here, the District Court disregarded three Declaration passages that contradicted Sterner's prior deposition testimony because she 'ha[d] not provided a plausible explanation for her contradictory statements . . . .' On appeal, Sterner still fails to sufficiently explain the inconsistencies the District Court identified. Instead, she spends the bulk of the discussion in her Brief to reciting passages from the Declaration. We conclude that the District Court correctly applied the sham affidavit doctrine . . . .") (footnote omitted); *Stevenson v. City of Newark*, No. 20cv18722 (EP) (AME), 2025 U.S. Dist. LEXIS 124274, at *30 n.13 (D.N.J. June 30, 2025) (where the court notes: "The Court has itself reviewed the record and *declines* to treat Stevenson's certification as a sham affidavit. Where the Court has encountered relevant inconsistencies between Stevenson's arguments and the record, it acknowledges so in this Opinion") (emphasis added).

*Hoffman v. Hammerhead Constr. LLC*
Case No. 3:21-cv-0046
Order
Page **5** of **5**

sound decision. The Court has reviewed the R&R overall and has conducted a *de novo* review of those portions to which Plaintiffs object and determines that nothing in the R&R is clearly erroneous or contrary to law.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Objection to Magistrate's January 23, 2026 Report and Recommendation, ECF No. 267, is **OVERRULED;** it is further

**ORDERED** that the Magistrate Judge Emile A. Henderson III's Report & Recommendation, ECF No. 265, entered January 23, 2026, recommending that Plaintiffs' Motion for Partial Summary Judgment to Pierce the Hammerhead Construction Company['s] Veil and for Summary Judgment on Counts II of the Second Amended Complaint for Breach of Implied Warranties and on Count VI for False and Overstated Construction Lien, ECF No. 227, be denied, is **APPROVED and ADOPTED** as an Order of this Court**;** it is further

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment to Pierce the Hammerhead Construction Company['s] Veil and for Summary Judgment on Counts II of the Second Amended Complaint for Breach of Implied Warranties and on Count VI for False and Overstated Construction Lien, ECF No. 227, is **DENIED**.

**Dated:** March 30, 2026

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**